UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
APR 14 2008

| | |
|---|---|
| GARY SCOFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>FISHBACK FINANCIAL CORPORATION, AND ITS SUBSIDIARY, FIRST BANK & TRUST, N.A.,<br><br>Defendants. | Civ. 08 – 4054<br><br><br>COMPLAINT |

COMES NOW the above-named Plaintiff, by and through counsel of record, Cadwell Sanford Deibert & Garry, and for his Complaint against the Defendants states and alleges as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff Gary Scofield is an individual resident of Codington County, South Dakota, and at all times material was a branch president for First Bank & Trust, N.A., of Watertown, South Dakota, and its predecessor.

2.      Defendant First Bank & Trust, N.A., on information and belief, is a South Dakota chartered bank, with its principal place of business located in Sioux Falls, Minnehaha County, South Dakota.

3.      On information and belief, First Bank & Trust is a subsidiary of Fishback Financial Corporation ("Fishback"), and as the parent corporation, Fishback is vicariously liable for the acts of First Bank & Trust.

1

4. This Court has arising under jurisdiction over the parties and subject matter of this action as provided by 28 USC § 1331, through § 621 of the Age Discrimination Employment Act of 1967 and its subsequent amendments.

5. Prior to April of 2006, Gary Scofield served as a president of First American Bank & Trust located in Watertown, South Dakota.

6. On or about April 1, 2006, First Bank & Trust acquired American Bank & Trust, and began operating the Watertown Branch under the First Bank & Trust name.

7. Scofield was retained as branch president at the time of the transition.

8. At the time First Bank & Trust acquired Scofield's branch, Defendants placed no performance objectives on this branch location.

9. While employed by Defendants as president of the Watertown branch, Scofield received nothing more than basic oral objectives. During his employment he was supplied with no performance evaluations, whether written or oral, and Defendants otherwise supplied Scofield with no indication that his performance was anything other than adequate.

10. While employed by the Defendants, Scofield spoke frequently with his immediate supervisors and at no time was he ever told that his performance was deficient in any manner or that he was ever in any peril of losing his job.

11. With no warning, on or about January 12, 2007, Scofield was called into a meeting with his Brian Thompson and Jane DeBoer, where he was informed that First Bank & Trust was "going a different direction" – i.e. that he was being terminated. Brian Thompson prefaced the news with the comment "this will blindside you", further indicating the decision was not based on job performance.

12. During this meeting, First Bank & Trust made no indication that Scofield's performance was unsatisfactory, or a basis for his termination.

13. At the time of his termination, Gary Scofield was 62 years old.

14. On information and belief, over the last two years Defendants have engaged in a consistent pattern of replacing its older executive workforce with younger employees.

15. In this particular case, after being terminated, Scofield was replaced by an executive 17 years his junior, with substantially less banking experience.

16. At the time of his termination, Scofield was provided with a basic employment release that met very few of the criteria required of the Older Worker's Benefits Protection Act ("OWBPA"), which must be met for such a release to be enforceable. Such a release is further evidence of the Defendants' disregard for the rights of its older employees.

17. Sections 622 and 631 of the Federal Age Discrimination in Employment Act (ADEA) make it impermissible for any private employers to discriminate or discharge any employee over the age of 40, using age as a pretext for such employment practice.

18. Defendants' actions in terminating Gary Scofield were based on motivations and reasons that Defendants knew or should have reasonably known violate these provisions of the ADEA, and other federal and state legislation protecting employees from age discrimination.

19. Defendants' discriminatory practices are apparent in company marketing, which commonly features actually employees, most of which are younger age.

20. Defendants' youth-based hiring and firing decisions have created a disparate employment impact on individuals protected by the ADEA.

21. On January 17, 2008, Scofield received a Right to Sue letter from the Equal Employment Opportunity Commission. A true and correct copy of the notice is attached hereto as Exhibit 1.

22. Defendants' conduct constitutes age discrimination within the meaning of the ADEA.

23. Defendants' actions further violate the OWBPA.

24. The ADEA provides for an award of double-damages when an employer's actions are willful, as is the case here.

25. At the time of his termination, Scofield was making approximately $92,000 a year, and has not been able to find comparable gainful employment subsequent to his termination.

26. Scofield has sustained damage and detriment as a result of the Defendants' discriminatory conduct, in an amount not less than $500,000. The Defendants are liable to Scofield as a result of their discriminatory conduct.

WHEREFORE, Plaintiff prays for a judgment against the Defendants as follows:

a. for a money judgment against the Defendants for all damage and detriment caused by their wrongful, discriminatory conduct;

b. for double damages under the ADEA;

c. for all costs so taxable in this action, including prejudgment interest and attorney's fees; and

d. such other and different relief as the Court deems just and equitable in this action.

Dated this 14th day of April, 2008.

Cadwell, Sanford, Deibert & Garry, LLP

Stephen C. Landon
Shawn M. Nichols
200 East 10th Street, Suite 200
PO Box 2498
Sioux Falls, SD 57101
Phone: 605-336-0828
Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues so triable.

Shawn M. Nichols

4