UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GARY SCOFIELD, | CIV. 08-4054-KES |
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO DISMISS |
| FISHBACK FINANCIAL CORPORATION and its subsidiary, FIRST BANK & TRUST, N.A., | |
| Defendants. | |

Fishback Financial Corporation (Fishback Financial) and First Bank & Trust, N.A., defendants, move for summary judgment. First Bank & Trust, N.A., moves to dismiss the claims against it because it did not receive service of process. Plaintiff, Gary Scofield, resists these motions.

**BACKGROUND**

Scofield was the president of the Watertown branch of First American Bank & Trust. Sometime around April 1, 2006, First American Bank & Trust was acquired by First Bank & Trust, N.A.[1] First Bank & Trust operated the Watertown bank under its name and kept Scofield as the bank president.

---

[1] First Bank & Trust, N.A., is a subsidiary of Fishback Financial. At the time the complaint was filed, its name was First Bank & Trust, N.A. On July 1, 2009, its name changed from "First Bank & Trust, N.A.," to "First Bank & Trust." Unless otherwise indicated, any reference to "First Bank & Trust" is a reference to the named defendant, First Bank & Trust, N.A.

On January 12, 2007, approximately nine months after the acquisition, Scofield was told by his supervisor, Brian Thompson, to come to Brookings for a performance evaluation.[2] Scofield, Thompson, and Jane DeBoer, the Director of Human Resources for Fishback Financial, were present at the meeting. Rather than conduct a performance evaluation, Thompson informed Scofield that he was fired. On April 14, 2008, Scofield filed this suit against Fishback Financial and First Bank & Trust alleging that he was fired because of his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

**STANDARD OF REVIEW**

Rule 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not appropriate if a dispute about a material fact is genuine, that

---

[2] The meeting took place at First Bank & Trust in Brookings, which is owned by a different subsidiary of Fishback Financial. The First Bank & Trust in Brookings is a different bank than the named defendant First Bank & Trust, N.A.

2

is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that a genuine issue exists. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

## DISCUSSION

**I. Defendants' Motion for Summary Judgment**

Both parties agree that the burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000) (applying the McDonnell Douglas framework when "the parties d[id] not dispute the issue" even though the Supreme Court had "not squarely addressed whether [the framework] applie[d] to ADEA actions"). Under this framework, "the plaintiff must establish a prima facie case of discrimination." Id. at 142 (citation omitted). "[Scofield] can establish a prima facie case of age discrimination if he can show that (1) he was at least forty years old; (2) he was terminated;

3

(3) he was meeting his employer's reasonable expectations at the time of his termination; and (4) he was replaced by someone substantially younger." Roeben v. BG Excelsior Ltd. P'ship, 545 F.3d 639, 642 (8th Cir. 2008) (citation omitted).

After the prima facie case is established, "the burden shifts to the defendants to articulate a legitimate, nondiscriminatory reason for their actions." Thomas v. Corwin, 483 F.3d 516, 528 (8th Cir. 2007) (citing McDonnell Douglas Corp., 411 U.S. at 802, 804). "This burden is one of production, not persuasion; it can involve no credibility assessment." Reeves, 530 U.S. at 142 (quotation and citation omitted). "If the employer successfully makes this showing, the burden shifts back to the plaintiff to show the employer's proffered reason was a pretext." Kasper v. Federated Mut. Ins. Co., 425 F.3d 496, 502 (8th Cir. 2005) (citation omitted).

Despite the burden-shifting nature of the McDonnell Douglas framework, the ultimate burden remains with Scofield to prove unlawful discrimination. Reeves, 530 U.S. at 143. "And in attempting to satisfy this burden, the plaintiff . . . must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Id. (internal quotation and citations omitted). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Id.

It is undisputed that Scofield was over 40 years old at the time he was terminated. The first two requirements for a prima facie case are therefore satisfied. The fourth requirement for a prima facie case is also satisfied because Scofield's position was subsequently filled by someone who was more than 10 years younger than him. See Grosjean v. First Energy Corp., 349 F.3d 332, 336 (6th Cir. 2003) ("Age differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of the fourth part of [an] age discrimination prima facie case." (citing cases)).

With regard to the third requirement for the prima facie case, meeting the employer's reasonable expectations, Scofield served as a bank president or senior vice president for approximately 28 years. During that time, he was never terminated for being unqualified or for insufficient performance. While employed by First Bank & Trust, Scofield never received any negative performance reviews. This constitutes sufficient evidence for purposes of demonstrating that Scofield was meeting his employer's expectations. Thus, Scofield has provided sufficient evidence to establish a prima facie case of age discrimination.

Having established a prima facie case, defendants must come forward with a legitimate, nondiscriminatory reason for terminating Scofield. See Reeves, 530 U.S. at 142. Defendants argue that Scofield was fired because of various performance issues, including failing to increase the bank's deposit and loan volumes, failing to sufficiently improve the bank's commercial business loans, leaving work for extended periods of time, and working on

5

non-job related matters while in the bank.  These reasons constitute legitimate, nondiscriminatory reasons for Scofield's termination.  Thus, "the burden shifts back to the plaintiff to show the employer's proffered reason was a pretext."  Kasper, 425 F.3d at 502 (citation omitted).

Scofield argues that defendants' proffered reasons are pretextual because he was never told that his performance was lacking or otherwise deficient.  There are no documents showing that defendants thought that Scofield's performance was deficient.  Defendants produced a performance evaluation document that had Scofield's name on it, but the document is otherwise blank.  (Docket 39, Ex. 1 at 1.)  Another document, entitled "2006 BONUS" shows that the bank where Scofield was president had surpassed the top "average deposit volume goal" by more than 30 percent.[3]  And perhaps most importantly, First Bank's president, Thompson, told Scofield at the meeting in which he was terminated that there were not any performance issues.  (Docket 40, Ex. 4 at 31-32; Docket 40, Ex. 5 at 25.)  These facts are sufficient to allow a jury to reasonably conclude that defendants' proffered reason, that Scofield was fired because of poor performance, is pretextual.  Based on the evidence that undermines defendants' proffered legitimate reasons,"the trier of fact [could] reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose."  Reeves, 530 U.S. at 147 (noting that "[s]uch an inference is

---

[3] That document also shows that the bank fell short of the lower "average loan volume goal."  (Docket 39, Ex. 2 at 1.)  The document is blank with regard to the other goals identified.

consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt'" (internal quotations and citations omitted)). A jury could reasonably conclude that Scofield was terminated because of his age based on the evidence establishing his prima facie case and the evidence that contradicts defendants' proffered reasons for terminating him. Id. at 148 ("[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."). Thus, defendants' motion for summary judgment is denied.

## II.     Fishback Financial's Liability

Defendant Fishback Financial alternatively argues that summary judgment is appropriate because it is not liable for First Bank & Trust's decision to terminate Scofield. Fishback Financial insists that the two corporations are wholly separate and independent from one another. Scofield argues that Fishback Financial, as the parent corporation, is liable because it owns and exercises sufficient control over its subsidiary, First Bank & Trust.

A four-factor test is applied for purposes of determining whether a parent corporation is deemed an employer of a subsidiary's employee in an action under the ADEA. See Sandoval v. Am. Bldg. Maint. Indus., Inc., 578 F.3d 787, 792-96 (8th Cir. 2009) (discussing the applicability of the four factors that were first established in Baker v. Stuart Broad. Co., 560 F.2d 389 (8th Cir. 1977)). The first factor looks at the "interrelation of operations"

7

between the two entities. Id. at 793, 796. The second factor asks whether there is "common management" between the two entities. Id. The third factor inquires whether the parent corporation exerts "centralized control of labor relations." Id. And the fourth factor looks at whether there is "common ownership or financial control" over the subsidiary corporation. Id.[4]

With regard to the first factor, interrelation of operations, Fishback Financial provided human resource services and information and technology services for First Bank & Trust. Both entities are also heavily involved in the banking market. Thus, this factor supports finding that Fishback Financial is Scofield's employer under the ADEA.

Under the second and fourth factors, common management and common ownership or financial control, Fishback Financial is the sole owner of First Bank & Trust. One document suggests that the Watertown branch of

---

[4] Fishback Financial cites Brown v. Fred's, Inc., 494 F.3d 736 (8th Cir. 2007), for the proposition that there is a "strong presumption that a parent company is not the employer of its subsidiary's employees" and that in order for it, the parent company, to be liable, Scofield must show that "(a) the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer . . . or (b) the parent company is linked to the alleged discriminatory action because it controls individual employment decisions." See id. at 739 (internal quotations and citations omitted). A more recent Eighth Circuit Court of Appeals decision, however, clarified that "Brown should not be read as establishing a new integrated enterprise test in our circuit. Rather, it may be harmonized with Baker by noting the traditional four-factor standard is the means by which plaintiffs demonstrate corporate dominance over a subsidiary's operations and establish affiliate liability." Sandoval, 578 F.3d at 796. The court will therefore apply the four-factor standard established in Baker. See id. Furthermore, the presumption articulated in Brown is overcome in this case by evidence related to those four factors as discussed below. See id.

8

First Bank & Trust is a department of Fishback Financial. (Docket 39, Ex. 1 at 1.) And Van Fishback, who owns Fishback Financial, was previously informed of the decision to terminate Scofield prior to his termination. (Docket 40, Ex. 5 at 22.) Thus, these factors support finding that Fishback Financial is Scofield's employer.

With regard to the third factor, centralized control of labor relations, Fishback Financial exerted substantial control over labor issues because First Bank & Trust did not have its own human resources department. Fishback Financial provided a human resources liaison, DeBoer, who was materially involved in employment decisions. (Docket 40, Ex. 5 at 4, 20.) DeBoer was also present at the meeting when Scofield was fired, which took place at Fishback Financial's headquarters in Brookings. The documentation that Scofield signed after being terminated identifies Fishback Financial as Scofield's "Employer." (Docket 39, Ex. 3 at 1.) And the method of evaluating an employee's performance appears to have been centralized, as demonstrated by the presence of Fishback Financial's name at the top of defendants' performance evaluation documentation. (Docket 39, Ex. 1 at 1.) Therefore, this factor also supports a finding that Fishback Financial is Scofield's employer.

Based on these factors and the accompanying facts, there is a genuine issue of material fact as to whether Fishback Financial and First Bank & Trust are "one entity and therefore one employer" or whether Fishback Financial is "linked to the alleged discriminatory action because it controls individual

9

employment decisions." See Brown, 494 F.3d at 739 (internal quotations and citations omitted). Thus, summary judgment in favor of Fishback Financial is inappropriate. See Sandoval, 578 F.3d at 800 (noting that summary judgment was not appropriate because the parent corporation's "involvement in the operations of its subsidiaries . . . [was] sufficient to create a genuine issue of material fact with respect to whether [the two entities] are an integrated enterprise" (citing Frank v. U.S. West, Inc., 3 F.3d 1357, 1364 (10th Cir. 1993))). Therefore, defendants' motion for summary judgment is denied.

## III. Service of Process

### A. Sufficiency of Service

Defendant First Bank & Trust argues that it should be dismissed from this case because Scofield failed to complete service of process on First Bank & Trust. See Fed. R. Civ. P. 12(b)(5) (listing "insufficient service of process" as a defense). Scofield argues that First Bank & Trust was effectively served when the president and owner of Fishback Financial, Van Fishback, was served.[5]

---

[5] Scofield argues that he should not be penalized for failing to serve the correct individual. He relies on Roberts v. Michaels, 219 F.3d 775 (8th Cir. 2000), for support. Roberts is not applicable to this case because Scofield has not attempted to amend the pleadings. See id. 778-79 (citing Rule 15(c)(3) and noting that the plaintiff "promptly moved to amend to add the proper corporate defendant"). There is also no indication that an amendment to the pleadings would otherwise cure Scofield's mistake as was the case in Roberts. See id. at 778-79 (noting that the individual who was "personally served with the initial complaint" was the proper corporation's "president and general manager"). Roberts is also not applicable because there is no indication that the defendants "created the potential for confusion," "compounded the confusion," or otherwise "prolonged [Scofield's] confusion." See id. at 779.

First Bank & Trust is the subsidiary of its parent corporation, Fishback Financial. As a general rule with regard to effective service of process, a parent-subsidiary relationship, by itself, does not establish an agency relationship. See I.A.M Nat. Pension Fund, Ben. Plan A v. Wakefield Indus., Inc., Div. of Capehart Corp., 699 F.2d 1254, 1258-59 (D.C. Cir. 1983) (noting that "the relationship of parent and subsidiary alone would not suffice" (citations omitted)). See also 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1104, 592 n.10 (3d ed. 2002) (citing cases). As the Pennsylvania District Court explained in Fitzgerald v. Hilton Hotels Corp., 183 F. Supp. 342 (E.D. Pa. 1960),

> Every corporation has the status of a separate legal person, and it is basic law that service upon person A does not constitute service upon person B unless A is agent for B or unless for reasons of fairness or for practical considerations, the separateness of A and B ought to be disregarded and A and B, for the purpose of service of process, should be considered one person.

Id. at 343-44. Because First Bank & Trust is a corporation, Rule 4(h) applies for purposes of determining effective service of process and states in relevant part that "a domestic . . . corporation . . . must be served . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h).

"As with a challenge to jurisdiction, when service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." Familia De Boom v. Arosa Mercantil, S.A., 629 F.2d

11

1134, 1138 (5th Cir. 1980) (citation omitted).  See also 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1083, 437 n.7 (3d ed. 2002) ("As numerous cases make clear, the party on whose behalf service of process is made has the burden of establishing its validity when challenged[.]" (citing cases)).  Scofield therefore has the burden of establishing that First Bank & Trust was properly served.  Scofield appears to assert three reasons why the service of process on Van Fishback constituted effective service of process on First Bank & Trust.

### 1. Van Fishback as First Bank & Trust's General Agent

Scofield argues that Van Fishback is a general agent for First Bank & Trust.  Defendants have submitted evidence showing that Van Fishback is not an employee, officer, or director of First Bank & Trust.  Defendants have also submitted evidence that Van Fishback is not a registered agent for First Bank & Trust.

Scofield argues that Van Fishback is First Bank & Trust's general agent because Fishback Financial states on its website that "[f]or more than a century, financial institutions led by generations of the Fishback family have proven that banking professionals can be conservative risk managers and entrepreneurs at the same time." (Docket 40, Ex. 3 at 1.)  Nothing in that statement, nor anything else on the website, however, indicates that Van Fishback is First Bank & Trust's agent.

The only connection between Van Fishback and First Bank & Trust is that he is the president and owner of Fishback Financial, which is the sole

12

owner of First Bank & Trust.  If the existence of a parent-subsidiary relation is insufficient by itself to make one entity the agent of the other, see I.A.M Nat. Pension Fund, Ben. Plan A, 699 F.2d at 1258-59, then it follows that the owner of a parent corporation is not an agent for the subsidiary simply because he owns the parent corporation.  Cf. Chrobak v. Hilton Group PLC, 2007 WL 2325913, at *4 (S.D.N.Y. Aug. 15, 2007) (citation omitted).  Thus, the fact that Van Fishback owns Fishback Financial does not make him First Bank & Trust's general agent.

### 2. Fishback Financial and First Bank & Trust as One Entity

Scofield's second argument is that service of process on Fishback Financial constitutes sufficient service of process on First Bank & Trust because they are not separate entities.  In support of this argument, Scofield identifies the fact that Fishback Financial provides human resource services and information and technology services and directs the court's attention to various documents in which both Fishback Financial and First Bank & Trust are listed.  First Bank & Trust counters with evidence demonstrating that Fishback Financial and First Bank & Trust are separate and distinct entities. (Docket 40, Ex. 2; Docket 29 at 2-3; Docket 30 at 1.)

Scofield identifies a document entitled "General Release of Claim" as proof that Fishback Financial and First Bank & Trust are effectively one entity. The document states in relevant part, "Fishback Financial Corporation, a South Dakota corporation, doing business as First Bank & Trust in Brookings, hereinafter referred to as 'Employer[.]' " (Docket 39, Ex. 3 at 1.)  First Bank &

13

Trust in Brookings, however, is a different subsidiary and a separate legal entity from defendant First Bank & Trust. (Docket 40, Ex. 2 at 1-2; Docket 40, Ex. 5 at 4.) Thus, this document does not demonstrate that Fishback Financial and First Bank & Trust are one entity.

Scofield argues that Fishback Financial's website identifies Fishback Financial and First Bank & Trust as one entity because it lists First Bank & Trust as one of Fishback Financial's "banking locations." (Docket 40, Ex. 3 at 1-2.) The website indicates, however, that the listed "banking locations" are subsidiaries of Fishback Financial because it also states immediately below the list of "banking locations" that "Additional subsidiaries of FCC include Fishback Insurance Services and Fishback Financial Solutions." (Docket 40, Ex. 3 at 2.)

Scofield also argues that the two entities are effectively one entity because Fishback Financial provides human resource services and information and technology services for First Bank & Trust. Scofield also relies on a document entitled "Quarterly Performance Management Matrix," which suggests that First Bank & Trust is a department of Fishback Financial. (Docket 39, Ex. 1 at 1.) These facts, however, are insufficient for purposes of demonstrating that "the two corporations are not really separate entities [in which] service on the parent will reach a [] subsidiary." See I.A.M. Nat. Pension Fund, Ben. Plan A, 699 F.2d at 1259 (citation omitted). See also Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 377-78 (S.D.N.Y. 1998) (rejecting the argument that two corporations should

14

be treated as one corporation for purposes of service of process where the individual served was "an officer and director of both corporations, and that the companies share some employees and a common address and phone number"); Fitzgerald, 183 F. Supp. at 344 (holding that the service of process on a parent corporation was insufficient service on the subsidiaries because of the "paucity of facts" to support treating the parent corporation and the subsidiaries as one entity). Thus, effective service of process on First Bank & Trust does not exist under this theory either.

### 3. Fishback Financial as First Bank & Trust's General Agent

Though not an explicit argument made by Scofield, another possible basis for finding that First Bank & Trust received proper service of process is if Fishback Financial is a general agent of First Bank & Trust. See 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1104, 585 n.4 (3d ed. 2002) ("Principles of agency also permit one corporation or business organization to be the agent of another institution so that service of process on an officer or on a managing or general agent of one organization can be valid service on another[.]" (citing cases)).

The following facts support the finding that Fishback Financial is a general agent for First Bank & Trust for purposes of receiving service of process: Fishback Financial is the sole owner of First Bank & Trust; Fishback Financial provided human resource services and information and technology services for First Bank; and a document suggests that First Bank & Trust is a department of Fishback Financial. (Docket 39, Ex. 1 at 1; Docket 40, Ex. 5 at

15

4, 7.) That evidence is contradicted, however, by other evidence demonstrating that the two corporations are separate and independent entities.[6] (Docket 40, Ex. 2; Docket 40, Ex. 5 at 20-21; Docket 29 at 2-3; Docket 30 at 1.) The record currently before the court does not sufficiently establish that Fishback Financial is First Bank & Trust's agent for purposes of receiving service of process.

The burden is on Scofield to demonstrate effective service of process on First Bank & Trust. See Familia De Boom, 629 F.2d at 1138. And Scofield has failed to meet this burden.[7] The issue, then, is whether the action against First Bank & Trust should be dismissed. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

**B. Dismissal**

"[U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it shall extend the time for service." Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996)

---

[6] There is also evidence that no First Bank & Trust employee, or any other person who acts under the subsidiary's authority, has received service of process. (Docket 29 at 2.)

[7] In analyzing the motion for summary judgment, the burden favored Scofield because he was the nonmoving party. See Celotex Corp., 477 U.S. at 322; Vette Co., 612 F.2d at 1077. This different allocation of the burden of proof explains the seemingly inconsistent holding that Fishback Financial might still be liable for Scofield's termination because a jury could reasonably find that Fishback Financial and First Bank & Trust are one entity.

16

(citations omitted). "A showing of good cause requires at least 'excusable neglect'–good faith and some reasonable basis for noncompliance with the rules." Id. (citations omitted). "If plaintiff fails to show good cause, the court still may extend the time for service rather than dismiss the case without prejudice." Id. (citations omitted).

On May 5, 2008, Scofield was first put on notice of the potential for insufficient service of process when First Bank & Trust filed its separate answer. (Docket 9 at 5.) This motion was filed on November 30, 2009. (Docket 28.) The accompanying affidavits and brief explained the basis for the insufficient service of process. (Dockets 29-31, 34.) Rather than cure the defect and serve Thompson, the "President and CEO of First Bank & Trust, N.A.," (Docket 29 at 1), Scofield chose to defend his actions. "When counsel has ample notice of a defect in service, does not attempt an obvious correction, and chooses to defend the validity of the service attempted, there is no good cause . . . if that method of service fails." Adams, 74 F.3d at 887 (citing Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990)). Because Scofield had notice of the insufficient service of process as to First Bank & Trust and chose to defend his position rather than serve one of its officers, good cause does not exist. See id.

If the case against First Bank & Trust were dismissed without prejudice, Scofield would be unable to file a new complaint because 90 days have passed since Scofield obtained the right to sue notice.[8] See 29 U.S.C. § 626(e) ("A civil

---

[8] There is no dispute that the complaint was filed in a timely manner.

action may be brought under this section . . . against the respondent named in the charge within 90 days after the date of the receipt of such notice."); Rossiter v. Potter, 357 F.3d 26, 29 (1st Cir. 2004) ("The applicable limitations period begins to run at the end of the administrative process: from that point, the employee has 90 days within which to bring suit." (citing 29 U.S.C. § 626(e))). First Bank & Trust has been involved throughout the proceedings, including discovery, and has argued no prejudice arising from the delay in service of process. Thus, the court exercises its discretion to extend the time period for executing service of process on First Bank & Trust.[9] See Adams, 74 F.3d at 887 ("[R]elief 'may be justified . . . if the applicable statute of limitations would bar the refiled action.' " (quoting the Advisory Committee Notes accompanying Fed. R. Civ. P. 4(m))). Scofield shall serve First Bank & Trust by **July 15, 2010**.

Based on the foregoing, it is hereby

---

[9] As the Illinois District Court noted, "[a]lthough the court recognizes [the] right to insist on proper service of process, it seems that this entire exercise has been a tremendous waste of legal and judicial resources." Chung v. Tarom, S.A., 990 F. Supp. 581, 586 (N.D. Ill. 1998). Scofield could have easily served a known officer of First Bank & Trust. First Bank & Trust, however, "could even more easily have agreed to accept service of process through its attorneys, especially since it does not contest personal jurisdiction." Id. Furthermore, First Bank & Trust was obviously aware of the insufficient service of process issue from the beginning of this case. (Docket 9 at 5.) It nonetheless waited approximately 18 months before moving to dismiss based on insufficient service of process. (Dockets 17, 19, and 23.) "While the defendants literally complied with Rule 12(h) [by raising the defense in the answer], they did not comply with the spirit of the rule, which is to expedite and simplify proceedings in the Federal Courts." Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993) (internal quotations and citations omitted).

18

ORDERED that defendants' motion for summary judgment (Docket 28) is denied;

IT IS FURTHER ORDERED that First Bank & Trust's motion to dismiss for insufficient service of process is denied; and

IT IS FURTHER ORDERED that Scofield complete service of process on First Bank & Trust by **July 15, 2010**.

Dated June 14, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE