UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| GARY SCOFIELD, | ) | CIV. 08-4054 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION TO COMPEL DISCOVERY |
| FISHBACK FINANCIAL | ) | ANSWERS [DOCKET 25] |
| CORPORATION, and its subsidiary, | ) | |
| FIRST BANK & TRUST, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter comes before the court pursuant to Plaintiff Gary Scofield's

motion seeking an order compelling defendants Fishback Financial Corporation

and its subsidiary, First Bank & Trust, N.A., to respond to two of Mr. Scofield's

discovery requests. [Docket No. 25]. Mr. Scofield also moves the court to order

First Bank to reimburse him for the reasonable expenses and attorney's fees

incurred in resolving the motion to compel. Id. Mr. Scofield represents that he

has made a good faith but unsuccessful effort to resolve this matter without

the court's intervention. Id. The defendants resist the motion. [Docket No. 35].

The district court, Chief Judge Karen E. Schreier, referred the motion to

compel to this magistrate judge for resolution. [Docket No. 41].

## FACTUAL BACKGROUND

The facts, insofar as they are pertinent to the present motion, are as follows. Prior to 2006, plaintiff Gary Scofield was employed as President of the First American Bank & Trust branch in Watertown, South Dakota. Around April, 2006, defendant First Bank & Trust, N.A. (a different entity with no previous banking presence in Watertown) acquired First American Bank & Trust, and Mr. Scofield was retained as branch president. First Bank & Trust ("First Bank") is a subsidiary of its parent corporation, Fishback Financial Corporation ("Fishback Financial").

On January 12, 2007, Mr. Scofield traveled to Brookings, South Dakota, to meet with Brian Thompson, his supervisor, and Jane DeBoer, Director of Human Resources for Fishback Financial. Mr. Scofield believed he was going to receive a performance evaluation. Instead, he was terminated. He believed his termination violated the Age Discrimination in Employment Act of 1967 ("AEDA"), in that his employer used his branch bank's financial performance as a pretext for firing him, but actually fired him due to his age. At the time he was terminated, Mr. Scofield was 62 years old.

After receiving a right to sue letter from the Equal Employment Opportunity Commission, Mr. Scofield filed suit against Fishback Financial and First Bank on April 14, 2008. Docket No. 1. The district court has jurisdiction over the parties and subject matter of the underlying action

pursuant to 28 § U.S.C. 1331, and 29 U.S.C. § 621 and its subsequent amendments.

Mr. Scofield served the defendants with discovery requests on October 9, 2008. Docket No. 25-2. Mr. Scofield asserts that the defendants have continually refused to answer two of those discovery requests. Accordingly, on November 24, 2009, Mr. Scofield brought the present motion to compel. Docket No. 25. The defendants resist the motion. Docket No. 35.

## DISCUSSION

### A.    Scope of Discovery Under Rule 26

Federal Rule of Civil Procedure 26(b)(1) sets forth the standard governing the scope of discovery in civil cases:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

The advisory committee's note to the 2000 amendments to Rule 26(b)(1) provide guidance on how courts should define the scope of discovery in a particular case:

3

Under the amended provisions, if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible.

The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action. The dividing line between information relevant to the claims and defenses and that relevant only to the subject matter of the action cannot be defined with precision. A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard. ... In each case, the determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action.

Fed. R. Civ. P. 26(b)(1) advisory committee's note.

"Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy . . . encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.' " E.E.O.C. v. Woodmen of the World Life Ins. Society, 2007 WL 1217919 at *1 (D. Neb. March 15, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). The party seeking discovery must make a "threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required." Woodmen of the World, 2007 WL 1217919 at *1 (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380

(8th Cir. 1993)).  "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case."  <u>Woodmen of the World</u>, 2007 WL 1217919 at *1 (citing <u>Cervantes v. Time, Inc.</u>, 464 F.2d 986, 994 (8th Cir. 1972)).

With the appropriate scope of discovery in mind, the court now turns to the two discovery requests which are the subject of Mr. Scofield's motion to compel, and considers the respective arguments of the parties for and against production of the information sought by Mr. Scofield.

**B.    Interrogatory No. 2**

Interrogatory 2 requests that defendants:

> Identify each and every employee over the age of 40 that has been terminated by First Bank and Trust and Fishback Financial Corporation from January 1, 2006, to the present.  For each such employee identified, state the following:
>
> > (a) The full name of the employee and his or her address;
> > (b) Their age on the date of termination;
> > (c) The reason for such termination;
> > (d) The date on which each identified employee was terminated;
> > (e) The date on which the decision to terminate the employee was made;
> > (f) The name of each employee hired to replace the employee identified in this interrogatory; and
> > (g) The date on which the replacement employee identified in the previous section was hired.

Docket Nos. 27, 25-1.

5

Mr. Scofield asserts that the requested information is directly relevant to his claims that he was fired because of his age, and that his employer engaged in discriminatory practices of this type. Docket No. 27, at 5. To demonstrate a prima facie case of age discrimination, Scofield must show that (1) he was at least forty years old; (2) he was terminated; (3) at the time of his termination, he was meeting his employer's reasonable expectations of him; and (4) he was replaced by someone substantially younger than him. See Roeben v. BG Excelsior Ltd. P'ship, 545 F.3d 639, 642 (8th Cir. 2008). Mr. Scofield also points out that the parties have stipulated to a Protective Order which adequately addresses any legitimate concerns about release of confidential information. Id. at 5-6.

Defendants initially objected to the interrogatory "as seeking information in a manner which is overly broad in time and scope, as seeking information which is privileged as confidential personnel information of non-parties to this action, and as seeking information which is neither relevant nor calculated to lead to the discovery of admissible information." Docket No. 35. More specifically, the defendants claim that Fishback Financial and First Bank have "wholly separate and independent" operations, and that Mr. Scofield was not an employee of Fishback Financial, so any information regarding Fishback Financial employees is irrelevant. Id. at 2. The defendants also assert that

personnel information of First Bank employees should not be ordered to be produced without a showing that such employees were similarly situated to Mr. Scofield.  Id. at 3.

## 1. **Relevance**

For purposes of discovery, relevancy has been defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, 437 U.S. at 351. Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.  Woodmen of the World, 2007 WL 1217919 at *1.  Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case, and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action.  See Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 124 (M.D.N.C. 1989) and Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 122 F.R.D. 447, 449 (S.D.N.Y 1988) (stating that if there is any possibility that the information requested may be relevant to the subject matter of the lawsuit, it is proper discovery).

Defendants assert that the personnel information of Fishback Financial employees is not relevant to Mr. Scofield's claim that he was discriminated against and terminated due to his age.  Docket No. 35, at 2-3.  In light of the

district court's recent resolution of defendants' motion for summary judgment, however, this court finds that the information sought respective to *both* First Bank and Fishback Financial employees may be relevant to Mr. Scofield's claim, and is thus discoverable.

In denying Fishback Financial's motion for summary judgment, the district court found that the four-part test employed to determine whether a parent corporation is deemed an employer of a subsidiary's employee in an action under the ADEA favored a finding that Fishback Financial was in fact Scofield's employer.  Docket No. 43, at 7-10 (citing <u>Sandoval v. Am. Bldg. Maint. Indus., Inc.</u>, 578 F.3d 787, 792-96 (8th Cir. 2009)).  The district court determined that there is a genuine issue of material fact as to whether the operations of Fishback Financial are wholly separate and independent from those of First Bank.  Therefore, since the trier of fact might reasonably conclude that Fishback Financial was Mr. Scofield's employer, the information Scofield seeks with respect to persons over age 40 to have been terminated within the last four years by First Bank *and* by Fishback Financial is relevant and discoverable.

### 2.    Overly Broad in Time and Scope

A discovery request may be deemed to be facially overbroad if it uses an omnibus term that necessarily encompasses a very broad range of documents. <u>U.S. Fire Ins. Co. v.Bunge North America, Inc.</u>, 2007 WL 1531846, at *7

(D. Kan. May 25, 2007).  A request may also be considered overbroad if the language used "make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope."  <u>Cardenas v. Dorel Juvenile Group, Inc.</u>, 232 F.R.D. 377, 382 (D. Kan. 2005).  However, if "the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request may survive an objection that it is overly broad."  <u>Schartz v. Unified Sch. Dist. No. 512</u>, No. Civ. A. 95-2491-EEO, 1996 WL 741384, *1 (D. Kan. Dec. 18, 1996).

Interrogatory 2 uses no omnibus terms at all.  Instead, Mr. Scofield requests specific, concrete information as to a finite number of readily-identifiable former employees of First Bank and Fishback Corporation who were terminated after having reached age 40.  <u>See</u> Docket No. 25-1, at 3.  The temporal scope of Interrogatory 2 is limited to January 1, 2006, to the present.  <u>Id.</u>  In plain terms, Mr. Scofield's request seeks nothing more than specific names, ages, and dates, as well as the reason for each employee's termination.  The information sought is discrete and easily identifiable, and does not require the defendants to undertake a search involving an inordinate amount of documents spanning an unduly broad period of time.

The defendants argue that the geographic scope of Interrogatory 2 is overbroad, and cite various cases in which courts have limited discovery

"absent a showing of particularized need for regional or nation-wide discovery."

Docket No. 35, at 3 (quoting <u>Case v. Platte County, Nebraska</u>, 2004 WL

1944777, at *2 (D. Neb., June 11, 2004)).  While it is true that courts have

properly limited discovery where the facts demonstrate a necessity for confining

the discovery to a particular geographic or regional area, the defendants have

not demonstrated the geographic scope of the operations of either First Bank or

Fishback Financial, nor have they asserted facts that would show that allowing

discovery for the entire geographic area of both defendants is unreasonable in

this case.  Without a factual basis for limiting discovery to a single office or

facility or similar geographic limitation, this court will not so restrict the

discovery in this case.

The court notes that defendants' objection on grounds of overbreadth is

general in nature, and that their response to Mr. Scofield's motion to compel

(Docket No. 35) does not provide support for the objection.  But "[t]he party

opposing discovery bears the burden of showing that the discovery request is

overly broad and burdensome by alleging facts demonstrating the extent and

nature of the burden imposed by preparation of a proper response."  <u>E.E.O.C.</u>

<u>v. Schwan's Home Service</u>, 692 F. Supp. 2d 1070, 1087 n. 12 (D. Minn. 2010)

(quoting <u>Sinco, Inc. v. B & O Mfg., Inc.</u>, No. 03-5277(JRT/FLN), 2005 WL

1432202 at *2 (D. Minn. May 23, 2005)(citation omitted)); <u>see also</u> <u>Wagner v.</u>

<u>Dryvit Sys. Inc</u>., 208 F.R.D. 606, 610 (D. Neb. 2001) (holding that "an objection

that discovery is overly broad and unduly burdensome must be supported by affidavits or offering evidence revealing the nature of the burden and why the discovery is objectionable. It is not sufficient to simply state that the discovery is overly broad and burdensome . . .").

The defendants have provided this court with no argument or evidence to support the assertion that Interrogatory 2 is overly broad. Moreover, Mr. Scofield's request is not overly broad on its face. Accordingly, the court rejects the defendants' objection to Interrogatory 2 on grounds of overbreadth.

### 3. Privileged Confidential Personnel Information of Non-Parties

Next, defendants object to Interrogatory 2 on grounds that the information sought constitutes privileged confidential personnel information of non-parties. Docket No. 35. The defendants cite several decisions within the jurisdiction of the Eighth Circuit Court of Appeals to support the position that the information sought is an undue invasion of privacy interests of non-parties. Docket No. 35 (citing Case v. Platte County, Nebraska, 2004 WL 1944777, *2 (D. Neb., June 11, 2004) (plaintiff sought discovery from non-party employees of an entire county) and Carman v. McDonnell Douglas Corp., 114 F.3d 790 (8th Cir. 1997) (plaintiff sought personnel files of numerous company employees spanning a period of ten years)).

As previously noted, however, the district court recently determined that the facts before it do not conclusively rule out a finding that Fishback Financial

was Scofield's employer.  <u>See</u> Docket No. 43, at 7-10.  As a result, the

defendants may not withhold discovery of the personnel files of Fishback

Financial employees based on their assertion that the operations of Fishback

Financial are wholly independent and separate from those of First Bank.

Defendants also argue that before discovery of other First Bank

employees' personnel information takes place, Mr. Scofield should demonstrate

that he is similarly situated to the other employees whose information he

seeks.  Docket No. 35 (citing <u>Onwuka v. Federal Express Corp.</u>, 178 F.R.D.

508, 516 (D. Minn. 1997).  Defendants imply that the information that

Mr. Scofield seeks is highly private and that " '[r]evelation of such information

could cause economic or emotional harm.' "  Docket No. 35 (quoting <u>Raddatz v.

The Standard Register Co.</u>, 177 F.R.D. 446, 447 (D. Minn. 1997)(internal

citations omitted)).

Defendants' arguments in this respect, and the case law they cite in

support, are not persuasive.  Here, Mr. Scofield is not seeking disclosure of the

complete personnel files of numerous current or former employees.  Instead, he

seeks specific names, addresses, age on date of termination, reason for

termination, specific dates that personnel decisions were made and personnel

actions taken, and dates on which replacement employees were hired.  Docket

No. 25-1, at 3.  Mr. Scofield does not seek sensitive information such as phone

numbers, income information, medical histories, criminal records or "other

sensitive, personal information having little or no relevancy to the issues in litigation." <u>Raddatz</u>, 177 F.R.D. at 447-48.

Furthermore, this court believes Mr. Scofield's request is already tailored to seek information only about employees who are in fact similarly situated to him, and no further showing of being similarly situated is required. Specifically, he seeks very limited information about former employees of Fishback Financial and First Bank who, like him, were terminated after having reached the age of 40 years, and who, like him, may have been replaced by substantially younger employees.

As a final matter, the court notes that the parties have already stipulated to a protective order to protect any legitimate concerns about disclosure of confidential information, which order was entered by the district court on September 15, 2009. <u>See</u> Docket No. 22. The protective order sets out stringent and detailed instructions for the handling of any possibly confidential materials exchanged by the parties. <u>Id.</u> This court believes the protective order sufficiently safeguards any confidential information which may change hands as a result of disclosure of information responsive to Interrogatory 2. Accordingly, defendants are ordered to produce the requested information relating to the employees of both Fishback Financial Corporation and First Bank & Trust within 30 days of the date of this court's order.

**C.     Interrogatory No. 5**

The second disputed interrogatory is Mr. Scofield's Interrogatory 5, which

requests that defendants:

> Describe each branch of First American Bank & Trust which you
> have acquired.  For each such branch identified, include the
> following:
>
> > (a) the date on which you acquired such location of American
> > Bank & Trust;
> > (b) the president of the branch at the time of the acquisition;
> > (c) the age of the branch president at the time of the
> > acquisition;
> > (d) the amount of assets held by each such branch at the
> > time of the acquisition;
> > (e) identify the current president of each such branch;
> > (f) the present total amount of assets held by such branch;
> > and
> > (g) the age of each current branch president.

Docket No. 27.

Defendants objected to Interrogatory 5 "as seeking confidential

commercial information, as unduly broad in time and scope, and as seeking

confidential financial information which is neither relevant nor calculated to

lead to the discovery of admissible information."  Docket No. 35, at 2.  The

defendants also assert that a release of personnel information of First Bank

employees requires a preliminary showing that such employees were similarly

situation to Mr. Scofield, and that no such showing has been made.  Id. at 3-4.

Mr. Scofield argues that the information he seeks through Interrogatory

5 is directly relevant to the defendants' defense that Mr. Scofield was fired due

to substandard job performance, in that his bank branch did not perform well enough financially. Docket No. 27, at 2. Mr. Scofield asserts again that the protective order issued by the district court sufficiently protects any sensitive information that might be produced as a result of Interrogatory 5. Id. at 6.

### 1.     Confidential Commercial Information

Defendants object to Interrogatory 5 based in part on grounds that the information constitutes confidential commercial information. A party opposing discovery on these grounds must show that the disputed information is a trade secret or commercial information, and that "its disclosure would be harmful to the party's interest in the property." In re Remington Arms Co., Inc., 952 F.2d 1029, 1032 (8th Cir.1991). Moreover, Rule 26(c)(1)(G) provides that where a discovery request seeks confidential commercial information, the party from whom discovery is sought may seek a protection order from the court, and that the court may for good cause issue an order "requiring that . . . commercial information not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1)(G). In the event the resisting party shows that the information is confidential commercial information, and that disclosure of the information would be harmful to the interests of the commercial entity, the burden then shifts to the seeking party to show that the information is relevant and necessary to prepare his case for trial. In re Remington Arms Co., Inc., 952 F.2d at 1032; See Fed. R. Civ. P. 26(c)(1)(G).

The party objecting to discovery of confidential commercial information carries the initial burden to demonstrate that the disputed information is commercial information, and that disclosure would be harmful to the party's interest in the information. Defendants have made neither showing. Instead, defendants have made only a bare assertion that to the extent Interrogatory 5 seeks information regarding non-party employees, they believe this information was provided to Mr. Scofield during the deposition testimony of the First Bank & Trust president, Mr. Brian Thompson. Docket No. 35, at 7. Therefore, the defendants' objection on grounds that the information sought is "privileged as confidential commercial information of non-parties" necessarily fails. Furthermore, the district court has already implemented a thorough protective order which will adequately protect any information deemed to be confidential. See Docket No. 22.

## 2. Unduly Broad in Time and Scope

As the court has already discussed, an objection based on grounds that it is unduly broad in time or scope must be adequately supported by the party resisting discovery. "Typically, the burden is on the party resisting discovery to explain why discovery should be limited given that the Federal Rules allow for broad discovery." Murphy v. Kmart Corp., 255 F.R.D. 497, 502 (D.S.D. 2009) (citing Hohn v. BNSF Ry. Co., 2007 WL 2572440 at *3 (D. Neb. May 10, 2007)); see also Rubin v. Islamic Republic of Iran, 349 F. Supp. 2d 1108, 1111 (N.D.

Ill. 2004) ("[T]he burden is upon the objecting party to show why a discovery request is improper."). Defendants make no such supporting argument, and therefore the objection on grounds of overbreadth cannot stand.

**3.     Relevance**

Once again, this court notes the district court's decision denying defendant's motion for summary judgment, in which the district court ruled that there were genuine issues of material fact as to whether First Bank was a subsidiary of Fishback Financial. Docket No. 43, at 7-10. There is no dispute that Mr. Scofield was directly employed by First Bank after it acquired the branch of First American Bank & Trust at which Scofield had been employed as president. The defendants have asserted a defense that Mr. Scofield was not fired because of his age, but rather because his First Bank branch demonstrated poor financial performance. Therefore, information as to the dates of acquisition of other branches of First American Bank & Trust; the financial performance of those branches; the age of the branch president at the time of acquisition; and whether the same person is currently acting as branch president may be directly relevant to the defense proffered by the defendants in this case. Therefore, the information sought by Mr. Scofield pursuant to Interrogatory 5 is relevant and discoverable.

**D.    Sanctions**

Mr. Scofield requests that the court order the defendants to pay the reasonable expenses incurred as a result of filing his motion to compel.  Docket No. 27, at 6.  Where the court grants a motion to compel, Rule 37(a)(5) of the Federal Rules of Civil Procedure requires that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  See Fed. R. Civ. P. 37(a)(5) (emphasis supplied).  The award of expenses is mandatory unless the court finds that the moving party failed to confer in good faith with the responding party prior to filing the motion, the responding party's refusal to respond was substantially justified, or other circumstances make an award of expenses unjust.  Id.

Here, Mr. Scofield's interrogatories were first served on defendants on October 9, 2008.  Docket No. 25-1.  This court finds that Mr. Scofield made numerous good faith attempts, over a period of at least ten months *after* the initial 60-day due date for discovery responses, to confer with the defendants in order to secure the discovery sought.  See Docket No. 26-1.  And at least twice, Mr. Scofield stipulated to an extension of discovery deadlines in this case in order to obtain the information he sought.  See Docket Nos. 15, 17.

This court also finds that the defendants' refusal to respond was not substantially justified. Despite raising objections based on privileged commercial information, the defendants failed to submit a privilege log, which would have demonstrated to the court the sensitive nature of the information sought, failed to make a showing that the information sought was commercial information, and failed to alert the court to precisely how disclosure would harm the defendants' interests. Despite raising objections on grounds that the information sought is irrelevant, the defendants have not provided factual support which would tend to show the information is not relevant to any issue, claim, or defense in the case. This does not suffice to overcome the general rule that the scope of discovery in civil cases is to be very broad. Defendants raised objections based on overbreadth, but made no showing of how the interrogatories are overly broad or overly burdensome.

This court is cognizant of the fact that there had been a pending motion for summary judgment as to whether Fishback Financial should be dismissed as a defendant, and that the defendants asserted that information as to Fishback Financial was irrelevant and non-discoverable, but the defendants could nonetheless have submitted the information for *in camera* review in the interim, subject to the district court's disposition of the motion for summary judgment. The defendants took no such action.

Accordingly, the court finds that an award to Mr. Scofield of the reasonable costs incurred in bringing the present motion to compel is justified, and indeed mandated by Federal Rule 37(a)(5). Within 14 days of the date of this order, Mr. Scofield's attorneys shall provide an affidavit to the court illustrating the costs incurred as a result of bringing the present motion to compel. The defendants shall have fourteen days thereafter to respond to such affidavit. Mr Scofield may file a reply, if desired, within five days of the defendants' response.

## CONCLUSION

Based on the foregoing, the court hereby ORDERS that Mr. Scofield's motion to compel [Docket 25] shall be granted. The defendants shall serve responses to Mr. Scofield's interrogatory numbers 2 and 5 within thirty days of the date of this order.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. Id. Failure to file timely objections will result in the waiver of the

right to appeal questions of fact.  Objections must be timely and specific in order to require review by the district court.

Dated July 2, 2010.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE